**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EUGENE THOMASON;
EDWARD D. FAGAN,**

      **Plaintiffs,**

**v.**                                        **Case No.  8:05-cv-1574-T-27TBM**

**COMMERZBANK AG, et al.,**[1]

      **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)   **Defendant Deutsche Bundesbank's Motion to Quash Service for Insufficiency of Process and Insufficiency of Service of Process** (Doc. 23), memorandum in support (Doc. 25), an exhibit relating to the motion (Doc. 26), and supplemental notice of compliance with Local Rule 3.01(g) (Doc. 28);[2]

(2)   **Plaintiffs' Motion to Take Depositions *de Bene Esse* to Preserve Testimony of Witnesses and Additional Bondholders in Accordance with the FRCP Rule 26(d) and for Other Relief** (Doc. 31), as supplemented (Doc. 37), and Defendant Commerzbank AG's response in opposition (Doc. 41);

(3)   **Plaintiffs' Revised Motion for an Order, Pursuant to FRCP 26(d) Granting Limited Jurisdictional Discovery**

---

[1] Pursuant to stipulation, the court dismissed Mr. Thomason's claims against Defendant Commerzbank AG. See (Docs. 58, 59).

[2] This motion was referred for disposition by the Honorable James D. Whittemore by endorsed order. See (Doc. 39). Plaintiffs filed a motion to strike (Doc. 32) DBB's motion to quash for failure to comply with Local Rule 3.01(g). This court denied the motion to strike. See (Doc. 36). Plaintiffs failed to file a response in opposition to DBB's motion to quash.

**(Including Subpoenas to 3rd Parties) Designed to
Expedite and Resolve Issues Raised in Relation to Claims
by Defendant DBB in "Verbal Note" (Dkt. 26) That This
Court Lacks Jurisdiction Over Plaintiffs' Claims and
Defendant Commerzbank AG's Claim that the Forum
for Plaintiffs' Libel Claims is in Germany Not Florida for
Such Other Relief as the Court Deems Just and Equitable**
(Doc. 34), as supplemented (Doc. 37), and Defendant
Commerzbank AG's response (Doc. 41).

Previously, the court entered an Order (Doc. 56) staying this action through May 22, 2006, or until new counsel for Plaintiff Thomason entered an appearance. There has been no appearance of new counsel on behalf of Plaintiff Thomason, and the stay has expired. See (Doc. 56).

By Defendant Deutsche Bundesbank's (hereinafter DBB) motion, it seeks an Order quashing service of process for insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and 12(b)(5). DBB alleges that a private process served attempted to serve a summons and a copy of the complaint on the Representative Office of DBB at 499 Park Avenue, New York, New York, on or about December 1, 2005. The process server was not permitted to enter the premises and left no papers. On or about December 9, 2005, a copy of the summons and complaint[3] was mailed to this office. Plaintiffs filed a return of service dated December 12, 2005, confirming service of process by mail upon DBB at its New York office. See (Doc. 13). Pro se Plaintiff Edward Fagan sent a Notice of Lawsuit and Request for Waiver of Service to DBB on or about January 6, 2006. See (Doc. 20). By its Note Verbale 19/06 to the United States Department of State dated

---

[3] Although DBB alleges that an amended complaint was mailed, see (Doc. 25 at 2), the docket reflects that the complaint in this cause has not been amended. At the hearing on April 11, 2006, Plaintiffs indicated that they intend to file an amended complaint.

2

January 31, 2006, the Embassy of the Federal Republic of Germany indicated that it was refusing to accept service of process by mail to DBB's New York office. See (Doc. 26).

DBB, which is the Central Bank of the Federal Republic of Germany, argues that as a consular office so designated by the United States Department of State, it is considered part of a foreign state or synonymous with a foreign state. As such, service on the consulate should be made in accordance with the Foreign Sovereign Immunities Act (hereinafter "FSIA"), 28 U.S.C. §§ 1602-1611. In particular, section 1608(a) of FSIA sets forth the proper method of service on a consulate:

> **(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> **(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> **(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> **(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> **(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

> As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

28 U.S.C. § 1608(a). The form of Notice of Suit prescribed by this section is found at 22 C.F.R. § 93.2. In particular, DBB argues that process did not include the requisite Notice of suit; process did not include a German translation of the summons, complaint, and Notice of Suit; and the summons failed to state correctly the number of days within which DBB could reply. Thus, by DBB's argument, the process was defective and service of process was deficient. Plaintiffs have failed to respond or demonstrate otherwise.[4] Accordingly, DBB's motion to quash (Doc. 23) is **GRANTED**.

Because it appears that none of the remaining defendants has been properly served pursuant to Rule 4; none of the defendants has answered or otherwise responded to the complaint; and the parties have not conducted a case management meeting pursuant to Local Rule 3.05(c)(2)(B), any discovery in this matter is premature. Accordingly, Plaintiffs' motions to take depositions *de bene esse* and to take jurisdictional discovery (Docs. 31, 34) are **DENIED without prejudice**.

**Done and Ordered** in Tampa, Florida, this 23rd day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable James D. Whittemore, United States District Judge
Counsel of Record

---

[4] Plaintiffs advise that they have initiated formal service of DBB under the Hague Convention.

4